## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CONNIE HOLMES and CHRISTINE TREASE,<br><br>On behalf of Plaintiffs and Class,<br><br>v.<br><br>CROWN ASSET MANAGEMENT, LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO SET ASIDE DUCivR 23-1(d)'S NINETY DAY DEADLINE TO FILE MOTIONS TO CERTIFY CLASS OR, IN THE ALTERNATIVE, TO CONTINUE THE DEADLINE UNTIL AFTER CLASS DISCOVERY (DOC. NO. 46)**<br><br>Case No. 2:19-cv-00758-HCN-DAO<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiffs' Motion to Set Aside DUCivR 23-1(d)'s Ninety Day Deadline to File Motions to Certify Class or, in the Alternative, to Continue the Deadline Until After Class Discovery ("Mot.") (Doc. No. 46). Crown Asset Management, LLC, opposes the motion. (*See* Crown's Response to Pl.'s Mot. to Set Aside DUCivR 23-1(d) Ninety Day Deadline to File Mots. to Certify Class or, in the Alternative, to Continue the Deadline Until After Class Discovery ("Opp'n"), Doc. No. 52.) For the reasons set forth below, the court GRANTS the motion.

### BACKGROUND

On October 16, 2019, on behalf of herself and a class of Utah residents, Plaintiff Connie Holmes filed her complaint asserting Crown Asset Management, LLC violated the Fair Debt Collection Practices Act and the Utah Consumer Sales Practices Act. (Compl., ¶¶ 30–45, Doc.

1

No. 2 at 7–8.)  Crown Asset Management accepted service on November 14, 2019.  (Opp'n 3, Doc. No. 52.)  Based on these dates, under DUCivR 23-1(d), Ms. Holmes' deadline to either file a motion for class certification or to move to extend the deadline to do so was February 12, 2020. (*Id.*)

By February 12, 2020, the parties had not engaged in any discovery.  (Mot. 4, Doc. No. 46.)  In fact, at that time, the court had not yet directed the parties to propose a schedule.  The court first ordered this on March 5, 2020.  (*See* Order to Propose Schedule, Doc. No. 16.)  In response to this order to propose schedule, Ms. Holmes indicated Crown Asset Management was unwilling to engage in the process of proposing a schedule.  (*See* Mot. for Initial Scheduling Conference 2, Doc. No. 19.)  Due to this, Ms. Holmes moved the court for an initial scheduling conference on April 2, 2020, indicating the need for class certification discovery.  (*See id.* at 3.) In the meantime, Crown Asset Management filed a motion to stay the proceedings pending a ruling on a motion to dismiss it filed on December 19, 2019.  (Crown's Mot. to Stay Proceedings Pending Resolution of Its Mot. to Dismiss, Doc. No. 18.)  In her response to this motion, Ms. Holmes agreed to stay the case pending a decision on the defendant's motion to dismiss but simultaneously requested the "opportunity to conduct very limited class discovery."  (Pl.'s Mem. Stipulating in Part and Opp'n to Def.'s Mot. to Stay Proceedings 2–3, Doc. No. 21.)  In ordering the case stayed on May 29, 2020, the court instructed Ms. Holmes that she should "seek an extension of time to file" the class certification motion, "[t]o the extent [she] has concerns regarding this deadline."  (Order (1) Granting Crown's Mot. to Stay Proceedings Pending Resolution of its Mot. to Dismiss (Doc. No. 18) and (2) Denying Without Prejudice Mot. for Initial Scheduling Conference (Doc. No. 19) ("Order Granting Stay") 3, Doc. No. 36.)

After the case was stayed and per the parties' stipulation (Stipulated Mot. to Vacate June 15, 2020 Mot. Hearing, Doc. No. 40), Ms. Holmes filed an amended complaint adding a plaintiff and proposed class representative, Christine Trease, on June 5, 2020.  (Am. Compl., ¶¶ 30–40, 57, 63, Doc. No. 43.)  Per the stipulation, Crown Asset Management refiled its motion to dismiss on July 15, 2020.  (Crown's Rule 12(b)(6) Mot. to Dismiss Pls.' Am. Compl., Doc. No. 49.)

## DISCUSSION

With their motion, Plaintiffs Ms. Holmes and Ms. Trease ("Class Plaintiffs") argue the strict ninety-day deadline in the local rule for filing a class certification motion is incompatible with Federal Rule of Civil Procedure 23(c)'s more flexible timing requirement.  (Mot. 3–7, Doc. No. 46; *see also* DUCivR 23-1(d); Fed. R. Civ. P. 23(c)(1)(A).)  The Class Plaintiffs contend they were practically foreclosed from conducting the limited discovery required to file a class certification motion because Crown Asset Management refused to engage in a Rule 26(f) conference and because the case was subsequently stayed.  (Mot. 6, Doc. No. 46.)  The Class Plaintiffs ask the court to set a date to file their class certification motion compliant with Rule 23(c)(1)(A)'s "early practicable time" standard in a scheduling order or, alternatively, to extend the deadline under DUCivR 23-1(d) until ninety days after the court rules on Crown Asset Management's pending motion to dismiss.  (*Id.* at 7.)

In opposition, Crown Asset Management argues the Class Plaintiffs are barred from seeking class certification because they did not timely move to certify or timely request an extension of the deadline for filing a class certification motion.  (Opp'n 1–5, Doc. No. 52.)  Crown Asset Management argues the Class Plaintiffs have no excusable reason for failing to request an extension prior to the February 12 deadline.  (*Id.* at 3.)  Arguing against any claim of good cause to grant the requested extension, Crown Asset Management maintains the Class

Plaintiffs could have obtained most, if not all, of the necessary information for a class

certification motion through a review of state court dockets. (*Id.* at 4.) Finally, Crown Asset

Management argues the Class Plaintiffs' criticism of DUCivR 23-1(d) is unwarranted, given its

allowance for an order extending the time to file for class certification and the Class Plaintiffs'

failure to ask that such an order be entered. (*Id.* at 5–10.)

In reply, the Class Plaintiffs argue the instant motion is timely with respect to Ms. Trease,

because it was filed within ninety days of the date on which she was added as a party. (Reply

Mem. in Support of Pls.' Mot. to Set Aside DUCivR 23-1(d) Ninety Day Deadline to File Mots.

to Certify Class or, in the Alternative, to Continue the Deadline Until After Class Discovery

("Reply") 2–4, Doc. No. 55.) The Class Plaintiffs contend good cause exists for extending the

class certification motion deadline to allow time for discovery, particularly with respect to

commonality and whether the "representative parties will fairly and adequately protect the

interests of the class." (*Id.* at 5.) The Class Plaintiffs dispute Crown Asset Management's claim

that it could have filed a class certification motion based upon state docket information alone.

Specifically, the Class Plaintiffs argue variations in the underlying debt collection cases brought

by Crown Asset Management against the putative class members cannot be determined by "a

manual search of Utah court dockets," but must be "learned through discovery." (*Id.*) With

respect to Ms. Holmes, the Class Plaintiffs acknowledge they seek leave to extend the class

certification motion deadline after it passed but still argue their motion should be granted

because Ms. Holmes can show excusable neglect for the late filing. (Reply 6–9, Doc. No. 55.)

Given the positions of the parties, the court first addresses the class certification

requirements of the federal and local rules. Then, against this backdrop, the court addresses

whether good cause and excusable neglect justify extending the class certification deadline.

A.  Class Certification Requirements

First, the court considers how the requirements of Rule 23(c) of the Federal Rule of Civil

Procedure affect the timing of the Class Plaintiffs' request to extend time to file for class

certification.  Rule 23(c)(1)(A) provides that "[a]t an early practical time after a person sues . . .

as a class representative, the court must determine by order whether to certify the action as a

class action."  Fed. R. Civ. P. 23(c)(1)(A).  In 2003, this rule was amended, changing the time for

class certification from "as soon as *practicable after commencement of an action*" to "at an early

*practicable* time."  *See* Fed. R. Civ. P. 23(c) advisory committee's notes to 2003 Amendment

(emphasis added).  One purpose of the 2003 amendment was to account for any time "needed to

gather information necessary to make the certification decision."  *Id.*  The advisory committee

noted it is often appropriate to allow "controlled discovery into the 'merits,' limited to those

aspects relevant to making the certification decision on an informed basis."  *Id.*

Since the 2003 amendment, the need to allow some discovery with respect to class

certification has become even more evident, especially given the Supreme Court's decision in

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).  In *Dukes*, the Court held that district

courts should undertake a "rigorous analysis" to determine if a party seeking class certification

meets the prerequisites of Rule 23.  *Id.* at 350–51.  To aid in this analysis, a party moving for

class certification "must affirmatively demonstrate [her] compliance with [Rule 23]—that is,

[s]he must be prepared to prove that there are *in fact* sufficiently numerous parties, common

questions of law or fact, etc."  *Id.* at 350 (emphasis in original).

Local rules must be "consistent with . . . federal statutes and rules."  Fed. R. Civ. P.

83(a)(1).  This district's local rule regarding class certification states: "[u]nless the court

otherwise orders, the proponent of a class shall file a motion for certification that the action is

maintainable as a class action within ninety (90) days after service of a pleading purporting to

commence a class action." DUCivR 23-1(d).  Pursuant to its plain language, the ninety-day

period begins to run when a class action case is commenced. *Id.*

Local rules with strict deadlines for the parties to submit class certification motions have

been criticized as being out of compliance with the 2003 revisions to Rule 23 of the Federal

Rules of Civil Procedure. *See, e.g.*, *Abs Entm't, Inc. v. CBS Corp.*, 908 F.3d 405, 427 (9th Cir.

2018) (finding a bright-line rule requiring the filing of a class certification motion within ninety

days of service to be in "direct contrast" to the flexibility of Rule 23(c)(1)(A)).  "[L]ocal rules

specify[ing] a short period within which the plaintiff must file a motion to certify a class

action . . . may be inconsistent with Rule 23(c)(1)(A)'s emphasis on the parties' obligation to

present the court with sufficient information to support an informed decision on certification.

Parties need sufficient time to develop an adequate record." Manual for Complex Litigation,

Fourth § 21.133.

At least one magistrate judge in this district has found, however, that the ninety-day

deadline found in DUCivR 23-1(d) is compatible with Rule 23(c)(1)(A) because it allows for the

deadline to be modified by court order. *Rodriguez v. Cascade Collections LLC*, No. 2:20-cv-

00120-JNP-DBP, 2020 U.S. Dist. LEXIS 68211, at *2 (D. Utah Apr. 16, 2020) (unpublished).

Similarly, in considering both the federal and local rule, another magistrate judge in this district

noted in *Just Us Realtors, LLC v. Nudge, LLC*, that "there is flexibility in postponing whether to

certify a class" under local rule DUCivR 23-1(d).  No. 2:18-cv-128-TC-BCW, 2018 U.S. Dist.

LEXIS 138838, at *3 (D. Utah Aug. 15, 2018) (unpublished).  The court in *Just Us Realtors,*

*LLC*, made this observation while acknowledging class certification decisions "may take time"

and that various things can justify a deferral of the decision.  *Id.* at *3 (internal quotations

omitted).

Here, the parties agree the initial deadline for filing a motion for class certification under

DUCivR 23-1 passed for Ms. Holmes as of February 12, 2020, at the latest.[1]  (Mot. 2, Doc. No.

46; Opp'n 3, Doc. No. 52.)  Because the Class Plaintiffs seek to extend the deadline for both Ms.

Trease and Ms. Holmes with the instant motion, the court must analyze whether the Class

Plaintiffs' late-filed motion to extend satisfies the "good cause" and "excusable neglect"

requirements of Rule 6 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 6(b)(1)(B).

B.  Good Cause and Excusable Neglect

Under Federal Rule of Civil Procedure 6(b), the court may, for good cause, extend a time

frame "on motion made after the time has expired if the party failed to act because of excusable

neglect."  Fed. R. Civ. P. 6(b)(1)(B).  "Rule 6(b)(1) 'should be liberally construed to advance the

goal of trying each case on the merits.'"  *See Utah Republican Party v. Herbert*, 678 F. App'x

697, 700 (10th Cir. 2017) (unpublished) (quoting *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir.

2016)).  "Good cause requires a greater showing than excusable neglect."  *Id.* (internal

---

[1] The parties dispute the implications of the ninety-day deadline with respect to Ms. Trease's
addition as a party on June 5, 2020.  Crown Asset Management argues the deadline to file a class
certification motion "cannot be reset by amending [the] pleading."  (Opp'n 2, Doc. No. 52.)  The
Class Plaintiffs contend equity requires the deadline to reset for Ms. Trease, given that she did
not know about the case until after the initial class certification deadline had passed.  (Reply 3,
Doc. No. 55.)  The Class Plaintiffs also argue Crown Asset Management waived its objection to
Ms. Trease's failure to abide by DUCivR 23-1(d) because it did not raise an objection when
stipulating to the amendment of the complaint and her joinder to the case.  (*Id.* at 3-4.)  Given
that the Class Plaintiffs seek an extension for both Ms. Holmes and Ms. Trease, and the parties
both agree the deadline for Ms. Holmes to file a class certification motion has passed, it is
unnecessary to address the implications of the amended complaint on the class certification
motion deadline and the court declines to do so.

quotations omitted).  It requires the movants to show the deadline cannot be met despite their

"diligent efforts."  *Id.* at 701 (internal quotations omitted).

"A finding of excusable neglect 'requires both a demonstration of good faith by [movant]

and it must also appear that there was a reasonable basis for not complying with the specified

period.'"  *Birch v. Polaris Indus., Inc.*, No. 2:13-cv-00633, 2015 U.S. Dist. LEXIS 35357-RJS-

DBP, at *9 (D. Utah Mar. 19, 2015) (unpublished) (alteration in original) (quoting *Four Seasons*

*Secs. Laws Litig. v. Bank of Am.*, 493 F.2d 1288, 1290 (10th Cir. 1974)).  The court's

determination of whether neglect is excusable is "an equitable one" and should include "[1] the

danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact

on judicial proceedings, [3] the reason for the delay, including whether it was within the

reasonable control of the movant, and [4] whether the movant acted in good faith."  *United States*

*v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (internal quotations omitted).

The court finds the Class Plaintiffs have shown good cause for seeking an extension of

time after the initial ninety-day deadline to file a class certification motion.  The initial deadline

passed before the parties had been ordered to propose a schedule, an order which requires the

parties to meet and confer to set a schedule governing the case and discovery process.  (*See*

Order to Propose Schedule, Doc. No. 16.)  In fact, the Class Plaintiffs could *not* have conducted

any discovery before the initial deadline; Rule 26(d) of the Federal Rules of Civil Procedure

states that "[a] party may not seek discovery from any source before the parties have conferred as

required by Rule 26(f)."  Fed. R. Civ. P. 26(d).  After attempting unsuccessfully to meet with

Crown Asset Management, the Class Plaintiffs acted diligently in proposing a schedule which

included class certification discovery.  (*See* Mot. for Initial Scheduling Conference 3–4, Doc.

No. 19.)  After so moving the court, the case was stayed, and no discovery could occur.  (Order

Granting Stay, Doc. No. 36.)  Significantly, the delay was due in part to Crown Asset

Management's failure to participate in the scheduling process.

Crown Asset Management contends that little, if any, class discovery is necessary given

that a significant amount of information about the putative class is available on various state

court dockets.  (*See* Opp'n at 4, Doc. No. 52.)  The Class Plaintiffs respond by asserting that

while a review of state court dockets might address the numerosity requirement of Rule 23, it

would not provide the information needed to determine commonality or whether the class

representatives will "fairly and adequately protect the interests of the class."  (Reply 5, Doc. No.

55.)  The court agrees that a review of state court dockets would not illuminate the adequacy of

the proposed class representatives or certain questions of commonality—such as whether an

underlying case was settled.  Limited discovery is critical to the ability of the Class Plaintiffs to

file a competent class certification motion informing the court that the plaintiffs, "*in fact*," satisfy

the prerequisites for class certification found in Rule 23(a) of the Federal Rules of Civil

Procedure.  *See Wal-Mart Stores, Inc.*, 564 U.S. at 350 (emphasis in original).  Moreover, as the

Class Plaintiffs point out in their discussion of the inconsistency between the federal and local

rules, a class certification decision must be made as soon as "practicable."  (Mot. 3, Doc. No.

46.)  It is certainly not practicable to ask the court to decide class certification before the Class

Plaintiffs have had an opportunity to gather and present to the court information that would

inform the class certification decision.  Given the stay of the case and the parties' stipulation to

add another class representative to the complaint, the Class Plaintiffs acted with reasonable

diligence and their delay is supported by good cause.

Next, the court considers whether the Class Plaintiffs acted with excusable neglect in

failing to abide by the ninety-day deadline to file a class certification motion.  The Class

Plaintiffs filed the instant motion two days after adding Ms. Trease, a purported class

representative, to their complaint.  (*See* Am. Compl., Doc. No. 43.)  The Class Plaintiffs argue

the deadline to file their motion for class certification reset with respect to Ms. Trease when they

filed the amended complaint proposing her as an additional class representative.  (Reply 2–4,

Doc. No. 55.)  While this approach is inconsistent with the plain language of the local rule, it

appears to have been taken in good faith.  After all, class certification requires consideration of

whether the "claims or defenses of the representative parties are typical of the claims or defenses

of the class" under Rule 23(a)(3)—including those of the newly added Ms. Trease.  In practice,

any class certification motion filed before her addition to the case would have to be reconsidered

or refiled to allow the court to evaluate whether Ms. Trease could adequately represent the class.

Moreover, Crown Asset Management stipulated to the addition of Ms. Trease to the complaint

on June 3, 2020, which the Class Plaintiffs interpreted as a waiver of any objection to the strict

class certification motion requirement.  (Reply 3–4, Doc. No. 55.)  Even if this was an

overreaching interpretation of the defendant's position, it was rational given the procedural

posture of the case.  For these reasons, the court finds the Class Plaintiffs have shown both good

faith and excusable neglect for failing to comply with the strict ninety-day deadline.

Although a defendant will always suffer some prejudice when faced with a class action,

here the prejudice is minimal because the case is in its initial stages and is stayed.  The delay in

seeking an extension to file a motion for class certification has not negatively impacted the

proceedings, particularly given the filing of an amended complaint and subsequent motion to

dismiss.  Considered in light of the admonition that Rule 6 "should be liberally construed to

advance the goal of trying each case on the merits," the equities weigh in favor of continuing the

class certification deadline, provided that Crown Asset Management's motion to dismiss is not granted.  *See Utah Republican Party*, 678 F. App'x at 700.

## CONCLUSION

Consequently, the court GRANTS Plaintiffs' Motion to Set Aside DUCivR 23-1(d)'s Ninety Day Deadline to File Motions to Certify Class or, in the Alternative, to Continue the Deadline Until After Class Discovery (Doc. No. 46).  The Class Plaintiffs shall have ninety days after the resolution of Crown Asset Management's Motion to Dismiss to file a motion for class certification.  The parties are ordered to incorporate class discovery deadlines and the class certification deadline into any proposed schedule they subsequently submit to the court.

DATED this 20th day of August, 2020.

BY THE COURT:


_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge